# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ESTATE OF WAYNE A. JONES, by**
**Robert L. Jones and Bruce A. Jones,**
**Administrators of the Estate of Wayne**
**A. Jones,**

        Plaintiff,

**v.**                                        **CIVIL ACTION NO: 3:13-CV-68**
                                                    **(JUDGE GROH)**

**THE CITY OF MARTINSBURG,**
**WEST VIRGINIA, and DOES 1 TO 25.**

        Defendants.

### MEMORANDUM OPINION AND ORDER DENYING AS MOOT MOTION TO FILE FIRST AMENDED COMPLAINT AND AMENDED MOTION TO FILE FIRST AMENDED COMPLAINT, GRANTING SECOND MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT, GRANTING MOTION TO STRIKE, AND GRANTING IN PART PARTIAL MOTION TO DISMISS

Currently pending before the Court are the Plaintiff's Motion for Leave of Court to File First Amended Complaint [Doc. 18], the Plaintiff's Amended Motion for Leave of Court to File First Amended Complaint [Doc. 35], the Plaintiff's Second Motion for Leave of Court to File Second Amended Complaint [Doc. 78], the City of Martinsburg's Partial Motion to Dismiss [Doc. 15], and the City of Martinsburg's Motion to Strike Plaintiff's Opposition to the Partial Motion to Dismiss [Doc. 20]. Having carefully reviewed the record, the Court **DENIES AS MOOT** the Motion for Leave of Court to File First Amended Complaint and Amended Motion for Leave of Court to File First Amended Complaint, **GRANTS** the Second Motion for Leave of Court to File Second Amended Complaint, **GRANTS** the Motion to Strike, and **GRANTS IN PART** the Partial Motion to Dismiss.

## I. BACKGROUND

The Plaintiff initiated this action on June 13, 2013 by filing a complaint against the City of Martinsburg, West Virginia, the West Virginia Martinsburg Police Department, and Does 1 to 25. The complaint arises from the death of Wayne A. Jones. The Plaintiff alleges, among other things, that officers of the Martinsburg Police Department used excessive force against him that caused his death. To that end, the complaint raises the following claims: (1) 42 U.S.C. § 1983 excessive force against all Defendants; (2) § 1983 Danger Creation against Does 1 to 25; (3) § 1983 violation of decedent Jones' family rights against all Defendants; (4) § 1983 against the City and Does 1 to 25; (5) negligence and wrongful death against all Defendants; and (6) West Virginia Code § 61-6-21(b) against all Defendants. The Plaintiff also requests exemplary and punitive damages for all claims. On August 19, 2013, the Court entered an agreed order that dismissed the Martinsburg Police Department from this case.

On September 3, 2013, the City filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion seeks dismissal of the first and fifth claims against the City; the entire second, third, and sixth claims; and the punitive and exemplary damages sought against the City for the first, second, third, fourth, and fifth claims. On September 24, 2013, the Plaintiff filed a Motion for Leave of Court to File First Amended Complaint and a response to the Partial Motion to Dismiss. On September 30, 2013, the City filed a Motion to Strike the Plaintiff's response, a reply to that response, and a response to the Plaintiff's Motion for Leave of Court to File First Amended Complaint.

On January 9, 2014, the Plaintiff filed an Amended Motion for Leave of Court to File First Amended Complaint. The City filed a response to this motion on January 16, 2014.

The Plaintiff filed a reply on January 30, 2014.[1] Thereafter, on April 22, 2014, the Plaintiff filed a Second Motion for Leave of Court to File Second Amended Complaint. The City responded that it does not oppose this motion.

## II. DISCUSSION

### 1. Motion to Strike

The City has moved to strike the Plaintiff's Opposition to the Partial Motion to Dismiss. It argues that the Court should strike this response because it was untimely.

Under Local Rule of Civil Procedure 7.02(b)(1), a response to a motion to dismiss "shall be filed and served within fourteen (14) days from the date of service of the motion." Where, as here, service is made electronically, three days are added to this period. Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2)(E).

In this case, the Plaintiff filed its response to the Partial Motion to Dismiss late. The City filed this motion on September 3, 2013. The Plaintiff's response was due seventeen days later on September 20, 2013. See Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 5(b)(2)(E); N.D.W. Va. L. R. Civ. P. 7.02(b)(1). The Plaintiff, however, filed its response on September 24, 2013. Accordingly, the Court grants the Motion to Strike and will not consider the Plaintiff's Opposition to the Partial Motion to Dismiss.

### 2. Motions for Leave of Court to File an Amended Complaint

In the Amended Motion for Leave of Court to File First Amended Complaint, the

---

[1] The Court will not consider the Plaintiff's reply because it was untimely. Under Local Rule of Civil Procedure 7.02(b)(2), a reply concerning a motion to amend is due within seven days of the date that the response was served. Three days are added to this period under Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E). Thus, the reply was due on January 27, 2014, three days before the Plaintiff filed it.

3

Plaintiff avers, among other things, that it believes the Partial Motion to Dismiss "has partial merit" and it has learned of the identities of the officers involved in the underlying incident through discovery. The proposed amended complaint accordingly names the City of Martinsburg, Pfc. E. Herb, Pfc. D. North, Ptlm. P. Staubs, Ptlm. P. Lehman, and Pfc. E. Neely as defendants. It also removes the City as a defendant from several causes of action. As such, the proposed amended complaint raises the following claims: (1) § 1983 excessive force against the officers; (2) § 1983 danger creation against the officers; (3) § 1983 violation of decedent Jones' family rights against the officers; (4) § 1983 against the City; (5) negligence and wrongful death against the officers; and (6) West Virginia Code § 61-6-21(b) against the City and officers. Further, the proposed amended complaint no longer references that it is seeking punitive damages. It only states that the Plaintiff seeks exemplary damages for all claims. The City opposed this motion to the extent that the proposed amended complaint included the danger creation claim, arguing that retaining this claim would be futile.

In the Second Motion for Leave of Court to File Second Amended Complaint, the Plaintiff states that, on April 21, 2014, it received a copy of the West Virginia Medical Examiner's Report and the West Virginia State Police Investigation Report. The Plaintiff then attaches a new proposed amended complaint that essentially makes four changes to the last proposed amendment. First, it provides the first names of the officers, naming Pfc. Erik Herb, Pfc. Daniel North, Ptlm. William Staubs, Ptlm. Paul Lehman, and Pfc. Eric Neely as defendants. Second, it removes the danger creation claim. Third, it revises the number of rounds that struck Jones to twenty-two to twenty-three rounds and adds three paragraphs detailing how many times the officers fired their weapons and the gunshot

wounds suffered by Jones per the newly acquired autopsy report. Finally, the proposed amended complaint includes the West Virginia Medical Examiner's Report. The City does not oppose this motion.

Because the Plaintiff further revised its proposed amended complaint, the Court will consider the most recent motion to amend and deny as moot the prior motions. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the time limit provided in Rule 15(a)(1)(B) has elapsed and some of the Defendants have not consented to the amendment, the Plaintiff may only amend its complaint with the Court's permission under Rule 15(a)(2).

The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

"An amendment is futile if the proposed claim would not withstand a motion to dismiss." Woods v. Bennett, Civil Action No. 2:12-03592, 2013 WL 4779018, at *3 (S.D. W. Va. Sept. 5, 2013) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir.1995)).

5

As for the prejudice inquiry, the Fourth Circuit has stated that:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted).

In this case, allowing the Plaintiff to amend its complaint will not prejudice the Defendants. The proposed amended complaint contains no new legal theories. Instead, it narrows the Plaintiff's claims by removing the City from several claims and removing the danger creation claim. Although the proposed amended complaint now identifies the Doe Defendants, allowing the amendment will not prejudice them as the Plaintiff sought to name them early in this matter and they very likely have been aware of this case and their alleged involvement in it given their relationship with the City. See Bruce v. Smith, 581 F. Supp. 902, 906 (W.D. Va. 1984) (finding the closeness of the original and added defendants' relationship relevant to determining whether the new defendant would suffer prejudice).

The Court also finds no bad faith on the part of the Plaintiff. The fact that the Plaintiff initially sought to amend its complaint well before the amended pleadings deadline of April 29, 2014 indicates good faith. Further, the Plaintiff has shown that the developments in this case led it to amend its complaint. The Plaintiff first moved to amend its complaint in light of the Partial Motion to Dismiss. It then amended its motion upon learning the identities of the Doe Defendants and further revised the proposed amended complaint the day after receiving the autopsy and investigation reports. Thus, there is no indication that the Plaintiff has acted in bad faith.

Finally, amendment would not be futile.  The Plaintiff seeks to amend its complaint to address the issues raised in the Partial Motion to Dismiss and name the Doe Defendants.  Moreover, the City no longer objects that the amendment is futile.  Accordingly, pursuant to Rule 15(a)(2), the Court grants the Plaintiff's Second Motion for Leave of Court to File Second Amended Complaint.

**3. Partial Motion to Dismiss**

The City has moved to dismiss several claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court considers this motion to the extent that it alleges defects that remain in the amended complaint. See 6 Charles A. Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2013); see also Jordan v. City of Philadelphia, 66 F. Supp. 2d 638, 642 (E.D. Pa. 1999).  The Court will do so according to the following standard of review.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

7

assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, a court must assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. Edwards, 178 F.3d at 243-44. Only factual allegations are entitled to the presumption of truth. See Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### a. Excessive Force, Danger Creation, Violation of Family Rights, and Negligence and Wrongful Death Claims

The City has moved to dismiss the excessive force claim brought against the City, the negligence and wrongful death claim brought against the City, the violation of family rights claim brought against the City and Officer Defendants, and the exemplary damages sought against the City for these claims. In the amended complaint, however, the excessive force, negligence and wrongful death, and violation of family rights claims do not name the City as a defendant. It also does not seek exemplary damages against the City for these claims. Accordingly, the Court denies the City's motion to dismiss these claims because the officers–not the City–are in a position to move for their dismissal. See Silverstein v. Percudani, 422 F. Supp. 2d 468, 473 (M.D. Pa. 2006), aff'd, 207 F. App'x 238 (3d Cir. 2006) (recognizing that a court can, but need not, *sua sponte* dismiss a claim

8

against a non-moving defendant); see also Johnson v. Baskerville, 568 F. Supp. 853, 856 (E.D. Va. 1983) (also noting this authority). Additionally, the City moved to dismiss the danger creation claim. The Court denies this motion as moot because the complaint no longer contains this claim.

### b. Punitive Damages Sought in § 1983 Claim Against the City

The amended complaint's third claim is a § 1983 claim against the City that in part seeks exemplary damages. The City moves to dismiss this claim for exemplary damages because it is immune.

Exemplary damages are also called punitive damages. See Smith v. Wade, 461 U.S. 30, 41 (1983) (recognizing that punitive and exemplary damages are synonymous). The Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Because the City is a municipality, it therefore is immune from the punitive damages sought against it in this claim. Id. Accordingly, the Court will grant this portion of the motion to dismiss.

### c. West Virginia Code § 61-6-21(b) Claim

The Plaintiff brings its fifth claim under West Virginia Code § 61-6-21(b) against the City and the officers. The City moves to dismiss this claim, arguing that the statute does not provide the Plaintiff with a civil cause of action.

Section 61-6-21(b) of the West Virginia Code makes committing a "hate crime" a criminal offense. See generally State v. Sulick, __ S.E. 2d ___, 2012 WL 602889 (W. Va. 2012) (upholding a defendant's conviction of criminal civil rights violations under section 61-6-21(b)). It provides:

> If any person does by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him or her by the Constitution or laws of the state of West Virginia or by the Constitution or laws of the United States, because of such other person's race, color, religion, ancestry, national origin, political affiliation or sex, he or she shall be guilty of a felony, and, upon conviction, shall be fined not more than five thousand dollars or imprisoned not more than ten years, or both.

W. Va. Code § 61-6-21(b). By these terms, section 61-6-21(b) only provides for criminal sanctions and does not create a private civil cause of action. See Kearns v. Timmiah, Civil Action No. 5:06CV105, 2007 WL 2220506, at *2 (N.D.W. Va. Aug. 2, 2007) (declining to find that section 61-6-21(b) provides for a civil action). Accordingly, the Court will grant the motion to dismiss this claim because the Plaintiff cannot bring a civil claim pursuant to section 61-6-21(b). Although the officers have not moved to dismiss this claim, the Court can *sua sponte* dismiss it against them as well because the City's motion raises a defect that applies to all defendants named in this claim. See Wright v. Donegal Ins. Cos., Civil Action No. WDQ-06-827, 2006 WL 4748707, at *1 (D. Md. June 7, 2006), aff'd, 223 F. App'x 201 (4th Cir. 2007) (dismissing claims *sua sponte* against all defendants because the moving defendant's Rule 12(b)(6) motion addressed defects that applied to all claims).

### III. CONCLUSION

For the reasons set forth above, the Court **ORDERS** the following:

1. The Court **DENIES AS MOOT** the Plaintiff's Motion for Leave of Court to File First Amended Complaint;

2. The Court **DENIES AS MOOT** the Plaintiff's Amended Motion for Leave of Court to File First Amended Complaint;

3. The Court **GRANTS** the Plaintiff's Second Motion for Leave of Court to File Second

10

Amended Complaint and **DIRECTS** the Clerk to file the Second Amended Complaint for Damages, Injunctive and Declaratory Relief that is attached to the Second Motion for Leave of Court to File Second Amended Complaint;

4. The Court **GRANTS** the City of Martinsburg's Motion to Strike Plaintiff's Opposition to the Partial Motion to Dismiss; and

5. The Court **GRANTS IN PART** the City of Martinsburg's Partial Motion to Dismiss as follows:

    a. The Court **DENIES** the Motion to Dismiss the First, Second, and Fourth Claims for Relief;

    b. The Court **DENIES AS MOOT** the Motion to Dismiss the § 1983 Danger Creation Claim;

    c. The Court **GRANTS** the Motion to Dismiss the exemplary damages sought against the City of Martinsburg in the Third Claim for Relief; and

    d. The Court **GRANTS** the Motion to Dismiss the Fifth Claim for Relief.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 20, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE