## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG


**ESTATE OF WAYNE A. JONES,**
**BY ROBERT L. JONES AND BRUCE A. JONES,**
**ADMINISTRATORS OF THE ESTATE OF WAYNE A. JONES,**

Plaintiffs,

    **v.**                              **Civil Action No. 3:13-CV-68**
                                                  **(JUDGE GROH)**

**THE CITY OF MARTINSBURG, WEST VIRGINIA,**
**MARTINSBURG POLICE DEPARTMENT,**
**and DOES 1-25,**

Defendants.


## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MARTINSBURG'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESS [88] AND PLAINTIFFS' MOTION TO EXTEND TIME TO PRODUCE EXPERT WITNESS REPORT OUT OF TIME [94]


## I.   INTRODUCTION

This matter is before the Court on Defendant City of Martinsburg's Motion to Exclude

Plaintiffs' Expert Witness [88] filed on May 29, 2014. On June 11, 2014, Plaintiffs filed their

Response to Defendant City of Martinsburg's Motion to Exclude Plaintiffs' Expert Witness [93].

Also before the Court is Plaintiffs' Motion to Extend Time to produce Expert Witness Report

Out of Time [94] filed on June 11, 2014. On June 17, 2014, Defendant City filed a Reply to

Plaintiffs' Response to City of Martinsburg's Motion to Exclude Plaintiffs' Expert Witness and

Response to Plaintiffs' Motion to Extend Time to Produce Expert Witness Report Out of Time

[95]. On June 18, 2014, the Court held an evidentiary hearing and argument on the Motions.

Plaintiffs appeared by counsel, Sherman L. Lambert, Sr., Esq., by telephone, and Defendant City

of Martinsburg ("City") appeared by counsel, Boyd L. Warner, Esq., by telephone. No additional evidence or testimony was presented at the hearing.

## II.  BACKGROUND

The Court's scheduling order set May 13, 2014 as the deadline for Plaintiffs' expert disclosures. (ECF No. 24). Plaintiff s mailed their expert disclosure and filed a Certificate of Service dated May 12, 2014, which provided Defendant City of Martinsburg's ("Defendant" or "the City") with a copy of the Curriculum Vitae for Gerard Busnuk but no written report. (ECF No. 83). According to his CV, Mr. Busnuk is a retired Captain of the Baltimore Police Department and considers himself an expert in "police and security officer policy, procedures, and practices." (ECF No. 88-1). Defendant seeks to strike Plaintiffs' expert. Plaintiffs ask the Court to extend the time for Plaintiffs' to produce the expert report claiming that the report was not provided due to Defendant's delay in providing relevant discovery material for review by Plaintiffs' expert.

## III. CONTENTION OF THE PARTIES

Defendant argues that Plaintiffs' failure to provide a timely disclosure of a written expert report pursuant to Rule 26(a)(2)(B) requires the exclusion of Gerard Busnuk as well as any other expert not properly disclosed by the deadline of May 13, 2014. (ECF No. 88 at 3). Defendant argues that Plaintiffs' non-compliance was not harmless because the failure to timely and properly disclose their expert witness and written report "greatly prejudiced Defendant as it interfered with Defendant's ability to select the appropriate expert(s) to rebut the Plaintiffs' expert's testimony." (*Id.* at 4) Defendant was required to disclose experts by June 10, 2014. Defendant also argues that Plaintiff will be unable to show substantial justification for their failure to timely comply with the rule. (*Id.*). Lastly, Defendant asserts that "Plaintiffs have

demonstrated a pattern of failure concerning their obligations to comply with the rules of

discovery in this case" and "have not learned from their failures to comply with the rules of

discovery." (*Id.* at 5).

In the Response, Plaintiffs argue that a written report by their expert witness could not be

completed because Defendant "willfully and intentionally failed to produce crucial discoverable

evidence to Plaintiffs' expert witness in a timely manner." (Resp., ECF No. 93 at 2-3). For

example, Defendant never provided photographs with the autopsy medical report, which this

Court compelled Defendant to disclose in an Order dated April 16, 2014.[1] (*Id.* at 3). In addition,

Defendant did not file their supplemental responses until after Plaintiffs' expert disclosure

deadline of May 13, 2014; on May 27, 2014, Defendant filed DVDs containing officers'

recorded statements made the day after the shooting incident and on May 29, 2014, filed three

(3) complaints made against Officer Neely. (*Id.* at 3-4). Plaintiffs further argue that their failure

to comply with the scheduling order was "not willful or in bad faith" as demonstrated by the fact

that Plaintiffs did identify and disclose their expert in a timely fashion. (*Id.* at 5). In conclusion,

Plaintiffs request the Court to "apply the doctrine of unclean hands based on the City of

Martinsburg's failure to cooperate in the discovery process; wasting time by practicing dilatory

tactics; and for providing crucial supplemental discovery to Plaintiffs' expert witness after the

expiration date." (*Id.*). In sum, Plaintiffs argue that the failure to comply with Rule 26(a)(2)(B) is

substantially justified. (*Id.*).

On June 11, 2014, Plaintiffs then filed a Motion to Extend Time to Produce Expert

Witness Report Out of Time. (ECF No. 94). Plaintiff requests that the Court extend the time to

produce the expert report. Plaintiffs argue that Rule 6(b)(1) allows the Court to extend the time

---

[1] In an email response to Plaintiffs inquiry regarding the photographs on April 23, 2014, Defendant's counsel stated
that they never received autopsy pictures with the autopsy report, therefore, they had no photographs to provide.
(ECF No. 93 at 10).

to act for "good cause" and because the motion was made after the time had expired for the party

to act, due to "excusable neglect." In support of the extension of time, Plaintiffs argue that

Defendant "refused to disclose discoverable evidence on several occasions to Plaintiffs…after

being compelled, the City of Martinsburg failed to provide Plaintiffs' with the autopsy

photographs…and then supplemented it's outstanding discovery response after the time had

expired for Plaintiffs' expert witness to submit his report." (*Id.* at 2).

In Defendant's Reply, Defendant argues that "the doctrine of unclean hands does not bar

an equitable remedy unless the party raising it can prove the other party engaged in willful action

which rightfully can be said to 'transgress equitable standards of conduct.'" (ECF No. 95 at 2)

(citing *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery, Co.*, 324 U.S. 806,

815 (1945)). Defendant asserts that any delay in providing discovery materials does not

"transgress equitable standards of conduct" as required for the application of the unclean hands

doctrine. Defendant further argues that despite Plaintiffs' claims they received discovery after

their expert disclosure deadline, Plaintiffs were in fact in possession of the contents of the

officers' statements, just not the video, and that Plaintiffs' waived the issue related to the

complaints filed against Officer Neely because Plaintiffs failed to dispute the City's Response

objecting to Plaintiffs' Request for Production, which sought personnel records of officers

regarding complaints for excessive force.

In regard to Plaintiffs' Motion to Extend Time to Produce Expert Witness Report Out of

Time, Defendant argues that Plaintiffs cannot show excusable neglect as required by Rule

6(b)(1)(B). Defendant argues that the four factors weigh against Plaintiffs because first, the City

would be required to re-evaluate the case and issue yet another expert report, expending more

money and time; second, Plaintiffs never mentioned how long they would need to produce their

report, which would delay upcoming deadlines; third, Plaintiffs' delay is unfounded because Plaintiffs had access to all of the information and documents necessary in order for Plaintiffs' expert to produce the written report; and fourth, Plaintiffs had in their possession the written contents of the officers' statements as early as November 4, 2014.

## IV. DICUSSION

**A. Defendant's Motion to Exclude Plaintiffs' Expert for Plaintiffs' Failure to Disclose Written Report with Expert Disclosure**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, a party is required to disclose the identity of any expert witness along with a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). When a party fails to comply with Rule 26(a)(2), Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fourth Circuit has held that the "Federal Rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in Rule 26(a)." *Campbell v. United States*, 470 Fed. Appx. 153, 156 (4th Cir. 2012).

However, exclusion may not be required if the non-compliance was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The plaintiff bears the burden of proving that his failure to comply with Rule 26(a)(2)(B) was harmless or substantially justified. *See Campbell*, 470 Fed. Appx. At 155. The Fourth Circuit has held that a district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis...." *S. States Rack And Fixture, Inc. v. Sherwin–Williams*

*Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Moreover, when conducting an exclusion analysis, the

district court should apply the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability
> of that party to cure the surprise; (3) the extent to which allowing the evidence would
> disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's
> explanation for its failure to disclose the evidence.

*Id.* Rather than excluding the evidence, Rule 37(c)(1) gives the court discretion to impose other

appropriate sanctions. *See Anderson v. Found. for Advancement, Educ. & Employment of Am.*

*Indians*, 155 F.3d 500, 504 (4th Cir.1998).

There is no dispute that Plaintiffs failed to provide a written report with their expert

disclosure as required by Rule 26(a)(2)(B). While Plaintiffs ask the Court to apply the doctrine of

unclean hands based on the City's failure to cooperate in the discovery process, the Court does

not find the need to apply the doctrine in order to address the issue at hand. Instead, the Court

has broad discretion when determining whether the failure to disclose evidence is substantially

justified and whether exclusion is required under Rule 37(c)(1). *See S. States Rack And Fixture,*

*Inc.,* 318 F.3d at 597.

After conducting an exclusion analysis as outlined in *S. States Rack And Fixture, Inc..*,

the Court finds that Plaintiffs' failure to provide the written report was substantially justified and

excluding Plaintiffs' witness is not required. First, Plaintiffs disclosed the identity and CV of

their expert and agreed to provide the written report in a timely manner, which reduces any

element of surprise for Defendant. Second, modifying the deadline for discovery solely for the

purposes of conducting the deposition of Plaintiffs' expert and any rebuttable expert presented

by Defendant would not greatly disrupt the case's overall scheduling order. Third, the Court

finds that the testimony of Plaintiffs' expert could hold great importance to Plaintiffs' case,

particularly as related to routine police officer procedures and practices. Lastly, the Court finds

that Plaintiffs' explanation for the failure to provide the report is substantially justified due to Defendant's delay in providing discovery materials to Plaintiff. Accordingly, the Court finds that Plaintiffs' failure to provide a written report with their expert disclosure was substantially justified and thus exclusion of the witness is not required under Rule 37(c)(1).

## B. Plaintiffs' Request to Extend Time to Produce the Expert Report

In regard to an extension of time to supplement expert disclosures, Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." When determining whether a party has shown excusable neglect, a court will consider:

> (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. The most important factor is the third—the reason for the delay. Merely establishing these elements does not entitle a party to relief; rather, 'whether to grant an enlargement of time still remains committed to the discretion of the district court.'

*Colony Apartments v. Abacus Project Mgmt., Inc*., 197 F. App'x 217, 223 (4th Cir. 2006) (quoting *Thompson v. E.I. DuPont de Nemours & Co*., 76 F.3d 530, 532 n. 2 (4th Cir. 1996)).

Here, the Court finds that any danger of prejudice to Defendant can be remedied by allowing Defendant to supplement their expert disclosures following receipt of Plaintiffs' expert's written report. An extension of the discovery deadline for the sole issue of disclosing Plaintiffs' expert witness' report, the disclosure and report of any responsive expert witness by Defendant, as well as the depositions of such experts, should not adversely impact the timeline of this case for trial. Additionally, the Court finds the reason for Plaintiffs' failure to provide the

written report to be substantially justified, as discussed above. Lastly, there is no evidence that Plaintiffs acted in bad faith by not providing the written report, instead Plaintiffs disclosed the identity and CV of the expert and affirmed to the Court Plaintiffs ability to provide the written report in a timely fashion since they have since received the supplemental discovery needed.

## V. CONCLUSION

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Defendant City of Martinsburg's Motion to Exclude Plaintiffs' Expert Witness [88] and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Extend Time to Produce Expert Witness Report Out of Time [94]. The Court **ORDERS** Plaintiffs' written report for expert Gerad Busnuk to be completed by June 20, 2014 and Defendant's responsive expert disclosure solely as to Plaintiffs' June 20, 2014 expert's written report to be due by July 7, 2014. The Court further **ORDERS** the District Court's October 5, 2014 Scheduling Order [24] to be modified to allow for the deposition of Plaintiffs' expert and any responsive expert by Defendant to be completed by July 18, 2014. The Court reminds the parties that they must comply with the July 8, 2014 discovery completion deadline for all other discovery matters and that all the dates in the Scheduling Order remain in full force and effect.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

**DATED**: June 20, 2014

*/s/ James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
