IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ESTATE OF WAYNE A. JONES, by
Robert L. Jones and Bruce A. Jones,
Administrators of the Estate of Wayne
A. Jones,**

       Plaintiff,

v.                                              CIVIL ACTION NO: 3:13-CV-68
                                                      (JUDGE GROH)

**THE CITY OF MARTINSBURG,
WEST VIRGINIA, DOES 1 TO 25, Pfc.
Erik Herb, Pfc. Daniel North, Ptlm.
William Staubs, Ptlm. Paul Lehman,
and Pfc. Eric Neely,**

       Defendants.

## ORDER DENYING MOTION TO INCREASE NUMBER OF PAGES IN BRIEF

Currently pending before the Court is the Defendants' motion [Doc. 117] requesting leave to file a forty-page memorandum supporting a motion for summary judgment. They assert that they need a memorandum of this length because they will be presenting an implied immunity defense that requires detailed facts.

A supporting memorandum may not exceed twenty-five pages. N.D.W. Va. L. R. Civ. P. 7.02(a). "[F]or good cause shown," a court may allow a supporting memorandum to exceed this limit. Id. Memoranda exceeding page limits, however, are the exception rather than the rule. See Dag Petroleum Suppliers, LLC v. BP P.L.C., Civil Action No. 1:05cv1323, 2006 WL 2345908, at *2 (E.D. Va. Aug. 9, 2006) (denying excess pages because "conclusory references to the complexity of this case [were] an utterly insufficient

basis to waive the page limitations imposed by the local rules"). Indeed, the twenty-five page limit is "sufficient except in the most extraordinary circumstances." Surrett v. Consol. Metco, Inc., Civil Action No. 1:11cv106, 2012 WL 1340548, at *3 (W.D.N.C. Apr. 18, 2012).

Here, the Court does not find good cause to allow the Defendants to exceed the page limit. The Defendants have only conclusorily asserted that they must present "detailed facts" to support a defense. They have not shown that this presents extraordinary circumstances. Accordingly, the Court **DENIES** the Motion to Increase Number of Pages in Brief.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: August 8, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE