IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

THE ESTATE OF WAYNE JONES

  Plaintiff,

V              CA NO.: 3:13-CV-68 (GROH)

THE CITY OF MARTINSBURG, WEST
VIRGINIA, et al

  Defendants.

## PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF PROCEEDS

The Plaintiff, by counsel, hereby respectfully, and with the consent of the Defendants moves for approval of the settlement reached by the parties. Plaintiff further moves for approval of the agreement reached by the beneficiaries concerning the distribution of the settlement funds.

Following the recent decision of the Fourth Circuit (18-2142), the parties reached a settlement of all civil claims for monetary damages. The case has now been remanded to this Court. Pursuant to West Virginia law, wrongful death settlements, as well as the distribution of the proceeds, must be approved by the court. Plaintiff requests this Court approve the settlement reached by the parties and distribute the funds as agreed to by the adult distributees - the three surviving siblings of the decedent: Bobby Jones, Bruce Jones and Shayne Hunt, and the three sons of their deceased half-sister, Marsha Perry, who survived Wayne Jones (they share the

1

same father). Wayne Jones was not married and had no children. His mother survived him, but passed two years later, and her beneficiaries were her children - Wayne Jones, Robert Jones and Bruce Jones. Wayne Jones also had a half-sister, Marsha Perry (from his father); she survived him, but passed in 2017, leaving her three sons as her beneficiaries – Kevin Perry, Eric Perry and Tyrone Perry. All are parties to the agreement re distribution.

In support of this motion Plaintiff submits a memorandum of law and its exhibits, including a fully executed agreement as to the distribution of the proceeds.

Respectfully Submitted,

**THE ESTATE OF WAYNE A. JONES**,

By Counsel,

**THE BROWN FIRM PLLC**

by: "s/" *Christopher E. Brown*
Christopher E. Brown, Esquire
VSB No.: 39852 (*pro hac vice*)
526 King St., Suite 213
Alexandria, VA 22314
703-924-0223
Fax 703-997-2362
cbrown@brownfirmpllc.com

by: "s/" *Paul G. Taylor*
Paul Taylor, Esq.
Law Office of Paul G. Taylor, PLLC
WVB No. 5874
134 West Burke Street,
Martinsburg, WV 25401
304-263-7900
taylorpaulg@aol.com

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's ECF system this 23rd day of August, 2020, which will send a copy hereof and notice of filing to all counsel of record registered therewith.

"s/" *Paul G. Taylor*
Paul Taylor, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Martinsburg Division**

THE ESTATE OF WAYNE JONES

    Plaintiff,

v.                                                         CA NO.: 3:13-CV-68 (GROH)

THE CITY OF MARTINSBURG, WEST
VIRGINIA, et al

    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF PROCEEDS

The Plaintiff, by counsel, respectfully submits this memorandum in support of its Motion to Approve Settlement and Distribution of Proceeds.

Following the recent decision of the Fourth Circuit (18-2142), the parties reached a settlement of all civil claims (state and federal) for monetary damages. The case has now been remanded to this Court to effectuate the settlement terms. Pursuant to West Virginia law, wrongful death settlements, as well as the distribution of the proceeds, must be approved by the court. Plaintiff, with the express consent and approval of Defendants, requests this Court approve the settlement. Further, Plaintiff requests this Court distribute the funds as agreed to by the distributees - the three living siblings of the decedent: Robert Jones, Bruce Jones and Shayne Hunt; and the three sons of their deceased half-sister, Marsha Perry.

### The settlement should be approved

The parties have reached a settlement in the amount of $3,500,000.00 (Ex A – Settlement and Release). In light of the facts, the admissions contributing to those facts, and their impact on

1

the claims in this case, and the case law regarding settlements, *infra*, Plaintiffs respectfully submit the settlement should be approved by the Court. Defendants agree with this request.

### Wrongful Death – West Virginia Law

"Wrongful Death Law" in West Virginia primarily references three statutes: W.Va.Code, 55-7-5[1], which establishes the cause of action; W.Va.Code, 55-7-6, which deals with the damages that are recoverable; and W,Va,Code, 55-7-7, which governs how such a claim may be compromised.

W.Va.Code 55-7-6 (b) identifies those person who may receive damages:

> In every such action for wrongful death, the jury, or in a case tried without a jury, the court, may award such damages as to it may seem fair and just, and, may direct in what proportions the damages shall be distributed to the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to share in such distribution [ ]. If there are no such persons, then the damages shall be distributed in accordance with the decedent's will or, if there is no will, in accordance with the laws of descent and distribution as set forth in chapter forty-two of this code.

### Beneficiaries of the Jones Estate

Plaintiff and the beneficiaries identified herein represent to the Court that Wayne Jones had no surviving spouse, no children, and there were no persons who were financially dependent upon him or who would otherwise be equitably entitled to share in such distribution (he was unemployed and homeless at the time of his death). Under West Virginia law, Code 42-1-3A, his mother was his sole heir at the time of his death (See **Ex B** – Wayne Jones Summary of Estate, identifying Pauline Jones, his mother, as his heir). Pauline Jones passed in 2015, two years after her son, evidencing that she satisfied the requirement that she survive Wayne Jones by 120 hours (W.Va.Code 42-1-3b). And the term "surviving" is interpreted by the courts as meaning at the time

---

[1] All references to the West Virginia Code are to the 2019 Edition.

2

of the decedent's death (*see* syllabus by the court in *Estate of Helen Graham v. Robert Asbury*, No 13-1244, Sup Ct of Appeals of W.Va, 10/22/2014). Thus, the claim for wrongful death, a thing of value, passed to the mother. Pauline Jones' will provides that "the rest and residual of her estate" pass to "her surviving children, in equal shares" (See **Ex C** – Pauline Jones' will, Article 2(A) and 2(A)(6); beneficiaries are her "surviving" children). She had three "surviving" children – Robert Jones, Bruce Jones and Shayne Hunt (their half-sister shared the same father; i.e. was not a child of Pauline Jones).

However, the statute differs from the intestate laws of West Virginia in determining to whom the proceeds *may* go (*See* W.Va.Code 55-7-6 (b); quoted *supra*). Thus, the beneficiaries (more appropriately called distributees) before this Court and identified herein are the three surviving children of Pauline Jones (the siblings of Wayne Jones) and the three sons of their deceased half-sister, Marsha Perry – Eric Perry, Kevin Perry and Tyrone Perry. As with Wayne Jones' mother, his sister Marsha survived him – she passed in 2017. For purposes of inheritance, "half-bloods" are treated as whole in West Virginia (*See* W.Va.Code §42-1-3e). Thus, Marsha Perry was arguably a potential recipient of a share of the proceeds at the time of Wayne's death. Her heirs are her three sons (**Ex D** – Marsha Perry Estate documents identifying her three sons as her lawful heirs). Of those two whom damages can be awarded ("… brothers, sisters, parents …"), Wayne Jones' mother (her children are her heirs), and his siblings (in the case of Marsha Perry, her children, as she survived Wayne Jones but since passed) satisfy the statute. It is only if there are no such persons, that the Court would look to Wayne Jones' will (he had no will, he died intestate), or to the laws of descent in West Virginia (*See* W.Va.Code 55-7-6 (b); quoted *supra*). Plaintiff respectfully submits all persons who may be, through equity and fairness, entitled to a share of the proceeds of the settlement are before this Court.

### The Law Encourages Settlements

"The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syllabus Point 1, *Sanders v. Roselawn Memorial Garden, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968). W.Va.Code 55-7-6 addresses damages awarded pursuant to a trial. It is W.Va,Code 55-7-7 which states that where there is a settlement, upon approval, the court will distribute the funds in the same manner as stated in Code 55-7-6.

The Plaintiff, the Estate of Wayne Jones, has settled the civil claims for wrongful death damages with the Defendants (**Ex A** – Settlement Agreement). In West Virginia, the settlement proceeds are to be distributed to the distributees / beneficiaries and merely pass through the Estate (See W.Va.Code 55-7-6(a)("the amount recovered in every such action shall be recovered by said personal representative and be distributed in accordance herewith"). While the Court is to distribute the proceeds based on what is fair and just (*See* W.Va.Code 55-7-6(b), *supra*), it is well established that "all of the eligible beneficiaries may, by a written agreement, compromise a wrongful death claim and allocate the share to be paid to each. Such a settlement agreement will be binding in the absence of fraud, duress, or other invalidating factors." *Arnold v. Turek,* 407 S.E.2d 706, 714 (1991).

In the case *sub judice*, the beneficiaries have reached a compromise / settlement among themselves as to the allocation of the settlement proceeds (**Ex E** – Distribution of Settlement Funds Agreement; and its attachment, **Ex F** - the Fiduciary Compensation Worksheet). The written agreement establishes the payment of costs and the share of the remainder each will receive. That represents an enforceable agreement among and between the beneficiaries. **There is no fraud,**

4

duress, nor other invalidating factor, of which the undersigned or the six distributees is aware (as sworn to by each distributee in the Agreement). In the absence of said factors, the Agreement is valid and should be recognized as such by the Court. See *Postlewait v. Ohio Valley Medical Center*, 591 S.E.2d 226, 232 (W.Va. 2003)(the role of the trial court is limited in those wrongful death cases involving only adult beneficiaries who have consented to the terms of the settlement agreement; the trial court must only ascertain that each potential beneficiary has been included in the agreement and determine whether any factor is present that could potentially serve to invalidate the agreement).

The three siblings and the three sons of Marsha Perry who have executed the Agreement are all adults and are the only eligible beneficiaries. The beneficiaries have each executed the Agreement with a full and clear understanding of the law and their rights, which reflects their willingness to enter into said agreement and their approval of its terms, including the costs to be paid and the share each is to receive.

WHEREFORE, the Estate of Wayne Jones respectfully requests this Court approve the settlement (this request is made with express consent and approval of Defendants) and further approve the Agreement for Distribution of Settlement Proceeds entered into by the distributees / beneficiaries, and enter an Order stating the same and continuing this matter for resolution of the charging lien filed by Attorney Lambert.

Respectfully Submitted,

**THE ESTATE OF WAYNE A. JONES,**

5

By Counsel,

**THE BROWN FIRM PLLC**

by: "s/" *Christopher E. Brown*
Christopher E. Brown, Esquire
VSB No.: 39852 (*pro hac vice*)
526 King St., Suite 213
Alexandria, VA 22314
703-924-0223
Fax 703-997-2362
cbrown@brownfirmpllc.com

by: "s/" *Paul G. Taylor*
Paul Taylor, Esq.
Law Office of Paul G. Taylor, PLLC
WVB No. 5874
134 West Burke Street,
Martinsburg, WV 25401
304-263-7900
taylorpaulg@aol.com

Exhibits:

Ex A – Settlement Agreement with Martinsburg
Ex B – Wayne Jones Estate Summary
Ex C – Pauline Jones Will
Ex D – Marsha Perry Estate Documents
Ex E – Distribution of Proceeds Agreement
Ex F – W.VA Fiduciary Compensation Worksheet

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's ECF system this 21st [23rd] day of August, 2020, which will send a copy hereof and notice of filing to all counsel of record registered therewith.

"s/" *Paul G. Taylor*
Paul Taylor, Esq.

6