IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Martinsburg Division**

THE ESTATE OF WAYNE JONES

    Plaintiff,

v                                          CA NO.: 3:13-CV-68 (GROH)

THE CITY OF MARTISBURG, WEST
VIRGINIA, et al

    Defendants.

## PLAINTITFF'S OPPOSITION TO ATTORNEY LAMBERT'S MOTION TO DISMISS MOTION TO STRIKE CHARGING LIEN OF ATTORNEY LAMBERT

The Plaintiff, The Estate of Wayne Jones ("Jones"), by counsel respectfully submits this Opposition to Attorney Lambert's Motion to Dismiss Jones' Motion to Strike Lien of Attorney Sherman Lambert (Doc 280) and its Memorandum of Law in support thereof (Doc 280-1), and in support hereof, submits the following.

1. Lambert rests his Motion on Local Rule of Civil Procedure 7.02[1] which provides in pertinent part:

    "(a) Motions and Supporting Memoranda: *All motions shall* be concise, state the relief requested precisely, be filed timely, but not prematurely, and, **except for *nondispositive motions*** other than a motion for sanctions, *be accompanied by a supporting memorandum* of not more than twenty-five (25) pages, double-spaced, and shall be further accompanied by copies of depositions (or the pertinent portions thereof), admissions, documents, affidavits and other such materials upon which the motion relies…" (all emphases added).

2. The Court will note that Lambert emphasized the italicized emphasis above, as opposed to the bold emphasis.

---

[1] In particular, Lambert rests this motion on subsection (a) of Local Rule 7.02.

1

3. Based on said Local Rule, Lambert states that Jones' motion to strike Lambert's lien is not supported by a memorandum of law or affidavits, and thus should be dismissed for failure to comply with its requirements.

4. As the Court is aware, Jones' filed its Motion for Approval of Settlement & Distributions (Doc 272). Thereafter, on August 26, 2020 the Court ordered Jones to file the motion to strike Lambert's lien by September 1, 2020, and interested parties were to file a response by September 8, 2020 (Doc. 275).

5. Complying with the Court's August 26, 2020 Order, Jones timely filed its motion to strike Lambert's lien on September 1, 2020 (Docs 278, 278-1).

6. Jones' motion to strike Lambert's lien is not dispositive; i.e. as it does not fall under Fed. R. Civ. P. 12 or 56.

7. Further, Lambert's effort to rest his Motion on LR Civ. P. 7.02 is defective for Lambert does not include the entirety of the LR Civ. P. 7.02. Lambert further failed to include the last paragraph of LR Civ. P. 7.02(a) which states that "[p]arties *may* file a memorandum in support of a nondispositive motion, ***but are not required to do so***." (emphasis added).

8. Jones' motion to strike Lambert's lien is in compliance with LR. Civ. P. 7.02(a).

**WHEREFORE**, Jones respectfully requests this Honorable Court deny Lambert's Motion to Dismiss Jones' Motion to Strike Lambert's Lien.

Respectfully Submitted,

**THE ESTATE OF WAYNE A. JONES**,

By Counsel,

**THE BROWN FIRM PLLC**

        by: *"s/" Christopher E. Brown*
        Christopher E. Brown, Esquire
        VSB No.: 39852 (*pro hac vice*)
        526 King St., Suite 213
        Alexandria, VA 22314
        703-924-0223
        Fax 703-997-2362
        cbrown@brownfirmpllc.com

        by: *"s/" Paul G. Taylor*
        Paul G. Taylor, Esq.
        Law Office of Paul G. Taylor, PLLC
        WVB No. 5874
        134 West Burke Street,
        Martinsburg, WV 25401
        304-263-7900
        taylorpaulg@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's ECF system this 8th day of September, 2020, which will send a copy hereof and notice of filing to all counsel of record registered therewith.

        *"s/" Paul G. Taylor*
        Paul G. Taylor, Esq.