IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Martinsburg Division**

**THE ESTATE OF WAYNE JONES**

    **Plaintiff,**

    **v.**                                          **CA NO.: 3:13-CV-68 (GROH)**

**THE CITY OF MARTINSBURG, WEST VIRGINIA, et al**

    **Defendants.**

## PLAINTIFF'S RENEWED MOTION AND SUPPORTING MEMORANDUM TO APPROVE SETTLEMENT AND DISTRIBUTION

The Plaintiff, by counsel, hereby respectfully renews its motion to Approve Settlement and Distribution, and in support hereof, Plaintiff states the following.

Plaintiff filed its Motion to Approve Settlement and Distribution of Proceeds, Memorandum in Support and exhibits thereto, on or about August 23, 2020 (Dkt#272). On August 26, 2020, this Court entered an Order stating it would be imprudent to rule on the Motion to Approve Settlement and Distribution until the lien of Attorney Lambert is resolved. Said Order requests Plaintiff file its motion to strike the lien by September 1, 2020, and any response thereto is to be filed by September 8, 2020. Plaintiff filed a motion requesting this Court amend its Order and approve the settlement and the distribution prior to resolving Lambert's lien. This Court denied that motion. Since denying that motion this Court entered a paperless Order on September 21, 2020, setting a hearing for October 19, 2020, on the Motion to Strike Lambert's Lien.

1

As the Court has now set a hearing for October 19, 2020, Plaintiff respectfully files this renewed motion asking the court to approve the settlement and the distribution to avoid further delay.

### Approving the Settlement Benefits All Parties And The Courts

The case law governing *distribution* of proceeds states that resolving liens prior to approving *distribution* is prudent to avoid the fact the funds may not be available to satisfy the lien(s). There is no case law stating it is prudent to resolve liens prior to approving a *settlement*.

Per the Settlement Agreement (Ex A to the memo in support of Motion to Approve), the defendants are to fund the settlement within ten (10) days of this court approving the settlement. An Order approving the settlement would allow the settlement to be funded, which in turn allows the parties to take certain steps to resolve the claims. It is further beneficial as per the Settlement Agreement Plaintiff is to dismiss all civil claims for monetary damages within ten (10) days of receiving the proceeds; i.e. placing them in escrow (Dkt#272, Ex A, Part VIII(C), PageID 3670). This includes those state claims for money damages filed in state court which are currently on appeal before the Supreme Court of Appeals of West Virginia. Once the Settlement is approved, Plaintiff can take steps to dismiss those claims, thus allowing earlier notice which would ease the burden of review by the Supreme Court of Appeals of West Virginia.

Failing to approve the settlement delays the funding (and distribution) and prejudices the Plaintiff as there is no provision for interest in the settlement agreement – which was reached back in late July 2020 – if several months were to pass before the settlement was finalized. With the hearing set for 10.19.20, even were the court to enter an order within the week, with the ten (10) day delay on funding it will be well into November before the proceeds are distributed (four

months since reaching the settlement agreement in July). It further prejudices the Defendants as their counsel must retain engaged until the settlement is resolved.

### Approving Distribution Benefits All Parties And Prejudices None

The case law governing resolving liens prior to approving distribution is the result of concern that proceeds would be distributed before there is a ruling on liens, and thus those funds would not be available to satisfy the liens. As stated by the West Virginia Supreme Court in 2009:

> [W]hen an attorney has properly and timely filed a charging lien in a particular case, the circuit court must address the charging lien in the final order distributing the judgment or fund to which the lien will attach.
> …
>
> In the case *sub judice,* the circuit court disbursed the settlement proceeds to Mr. Trickett before it resolved GBW's claim for an attorney's charging lien. Thus, GBW may, upon entry of judgment by the circuit court on remand, enforce its charging lien against whatever property said proceeds may now have become. The facts of the case *sub judice* make it apparent, then, just how imperative it is that courts presented with charging liens address and resolve those matters in conjunction with the entry of the final order disbursing the judgment or fund sought to be attached in order to safeguard the property and resources of the clients who are parties to such proceedings.

Trickett, v. Laurita, 674 S.E.2d 218, 228-229 (W.Va. 2009). The Agreement re the Distribution of Proceeds, on the first page which reveals the distribution, it is noted that funds sufficient to satisfy the lien of $132,210.00 will be held in escrow pending the court ruling thereon (Dkt#272, Ex E, PageID 3689). The escrow of sufficient funds is also required by the Settlement Agreement (Ex A, part IV, Dkt#272, PageID 3668). An Order entered by this Court granting this request can further require sufficient funds be held in escrow to satisfy the lien pending this

3

Court ruling thereon. The Distribution Agreement, further on the first page, addresses the effect of the Court's ruling on the lien, stating that if the motion to strike is granted the additional funds will be distributed as follows: split three ways among Robert Jones, Bruce Jones and Shayne Hunt (Dkt#272, Ex E, PageID 3689). The beneficiaries further acknowledge on this same page that the motion to strike the lien may be granted in part. (Id.).

Given the Distribution Agreement addresses the effect of the Court's ruling on the lien, and the fact that sufficient funds will be held in escrow to satisfy the lien if the motion to strike is denied, Plaintiff respectfully submits the only issue to avoid an imprudent result is to ensure the Court retains jurisdiction to resolve Lambert's lien, which this Court has in fact done with a hearing set for 10.19.20.

Further, approving distribution via an order which ensures funds sufficient to satisfy Lambert's lien remain in escrow allows the payment of costs identified on the Distribution Agreement (Memo re Motion to Approve Ex E, Dkt#272, PageID 3389). Those are costs owed to persons for services and work performed, in most cases, 5-6 years ago, and which have thus been outstanding for a considerable amount of time.

## CONCLUSION

As the Court has now set a hearing on the motion to strike Lambert's lien for October 19, 2020, the time to enter an order after that hearing, and delay in funding per the settlement agreement, this settlement will not be funded, distributed, and closed until well into November, perhaps December – four to five (4-5) months after reaching the agreement with the Defendants in July 2020 with the 4th Circuit Mediator.

Given approval of the settlement is / can be independent of the approval of distribution, Plaintiff respectfully renews its request for this Court to approve the settlement so that the

parties can take steps to place funds in escrow and allow the dismissal of civil claims for monetary damages from the state court action pending before the West Virginia Supreme Court.

Further, Plaintiff respectfully requests this Court approve distribution. Given the express terms of the agreement, approving the distribution prior to resolving Lambert's charging lien would not be imprudent, as the Distribution Agreement and the Settlement Agreement each require sufficient funds be held in escrow to satisfy the Charging Lien until ruled on by this Court, and would in turn allow creditors to be paid. Further, as there is no provision in the settlement agreement for the payment of interest, it is prejudicial to the Plaintiff to delay distribution until November or possibly December, when there is no prejudice to any party if distribution is approved at this time.

WHEREFORE, Plaintiff respectfully requests this Court grant the relief requested herein as beneficial to all parties, prejudicial to none (including Lambert), and further beneficial to the orderly administration of the Courts – both this Court and the Supreme Court of Appeals of West Virginia.

Respectfully Submitted,

**THE ESTATE OF WAYNE A. JONES,**

By Counsel,

**THE BROWN FIRM PLLC**

by: "s/" *Christopher E. Brown*
Christopher E. Brown, Esquire
VSB No.: 39852 (*pro hac vice*)
526 King St., Suite 213
Alexandria, VA 22314
703-924-0223
Fax 703-997-2362

cbrown@brownfirmpllc.com

by: "s/" *Paul G. Taylor*
Paul Taylor, Esq.
Law Office of Paul G. Taylor, PLLC
WVB No. 5874
134 West Burke Street,
Martinsburg, WV 25401
304-263-7900
taylorpaulg@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's ECF system this 22nd day of September, 2020, which will send a copy hereof and notice of filing to all counsel of record registered therewith.

"s/" *Paul G. Taylor*
Paul Taylor, Esq.

6