# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ESTATE OF WAYNE A. JONES,**
**By Robert L. Jones and Bruce**
**A. Jones, Administrators of the**
**Estate of Wayne A. Jones,**

      Plaintiff,

v.                                **CIVIL ACTION NO.: 3:13-CV-68**
                                    **(GROH)**

**THE CITY OF MARTINSBURG,**
**WEST VIRGINIA, PFC. ERIK HERB,**
**PFC. DANIEL NORTH, PTLM.**
**WILLIAM STAUBS, PTLM. PAUL**
**LEHMAN, and PFC. ERIC NEELY,**

      Defendants.

## ORDER DENYING THE PLAINTIFF'S SECOND MOTION TO RECONSIDER

Currently before the Court is the Plaintiff's Second Motion to Reconsider. ECF No. 284. Therein, the Plaintiff asks this Court to reconsider its August 26, 2020 Order regarding the Plaintiff's Motion for Settlement Approval.  ECF No. 275.

Although the Plaintiff fails to cite any Rule or case law for its Motion, the Court construes its Motion pursuant to Rule 54 of the Federal Rules of Civil Procedure.  Rule 54(b) provides that, in the absence of an express order directing final judgment as to certain claims or parties, "any order . . . that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed R. Civ. P. 54(b).

Pursuant to this rule, a court may revise an interlocutory order "at any time before the entry of a judgment." Id.; see also Boyd v. Coventry Health Care, Inc., 828 F. Supp. 2d 809, 813 (D. Md. 2011) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983)).  This power is discretionary.  See Moses H. Cone Mem. Hosp., 460 U.S. at 12 (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge").  In light of this discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).

However, "doctrines such as law of the case . . . have evolved as a means of guiding district courts' discretion to reconsider interlocutory orders." Boyd, 828 F. Supp. 2d at 814 (internal citations omitted).  Pursuant to the law of the case doctrine, "courts must follow the law that a prior decision establishes unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (internal citations omitted).

On the other hand, "the law of the case doctrine cannot positively prohibit a district court from reconsidering an interlocutory order in light of federal courts' 'ultimate responsibility . . . to reach the correct judgment under law.'" Id. (quoting Am. Canoe Ass'n, 326 F.3d at 515).  But this responsibility "may be tempered at times by concerns of finality and judicial economy." Am. Canoe Ass'n, 326 F.3d at 515.  Consequently, "relief is rarely ever appropriate when the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind." Boyd, 828 F. Supp.

2d at 814 (internal citations omitted).

Here, the Plaintiff has simply asked the Court to change its mind.  The Plaintiff has failed to establish (1) that substantially different evidence has been produced, (2) that controlling authority has made a contrary decision of law applicable to the issue or (3) that the Court's prior decision was clearly erroneous and worked to manifest injustice.

Accordingly, the Court declines to reconsider its prior decision because the Plaintiff has failed to present any new evidence, new law or persuasive argument that the decision was clearly erroneous.  Therefore, the Plaintiff's Motion for Reconsideration [ECF No. 284] is hereby **DENIED**.

**DATED:** September 23, 2020

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE