IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

THE ESTATE OF WAYNE JONES

    Plaintiff,

V                                                CIVIL ACTION NO.: 3:13-CV-68
                                                 (GROH)
THE CITY OF MARTINSBURG, WEST
VIRGINIA, et al

    Defendants.

## MOTION TO STRIKE LAMBERT'S SUPPLEMENTAL RESPONSE

The Plaintiff, by counsel, respectfully submits this Motion to Strike the Supplemental Response (Docket 290) filed by counsel Attorney Sherman Lambert, and in support hereof, submits the following.

## I. Introduction

The upcoming hearing set for October 19, 2020, is on Plaintiff's motion to strike attorney Lambert's charging lien noticed in the amount of $132,000.00. This Court ordered a briefing schedule which has long passed. Lambert has now, without leave of court, filed a "supplemental" brief.[1] Therein Lambert attempts to steer the Court to what he claims was a lack of prejudice caused by his actions, and apparently justifying the same given the purported lack of cooperation of the co-administrators of the Estate. Lambert then goes on to claim right to a $1.4 million contingency fee based on an argument that the contract (the retainer) entitles him to said amount. Lambert does this and provides a copy of the retainer agreement as his Ex A which unambiguously states that if terminated he will be paid $400/hour (thus his entire argument on this point is made in bad faith). Further, Lambert ignores, as he has repeatedly, his failures with

---

[1] The "supplemental response" of Lambert (Dkt. 290) is in reality a surreply which has been filed without leave of court and prohibited by LR Civ.Pro. 7.02 (b)(3)

1

regards to the requests for admissions and the lack of objection to the magistrate's ruling and recommendation thereon – as with his actual timely response, *he does not even mention his failures*, let alone argue why the equities require he be paid despite said failures.

Putting aside the fact that Lambert has no right to – particularly at this late stage (3 business days before the hearing[2]) – to file a supplemental brief and claim a $1.4 million fee despite his charging lien is for $132,000.00, as with his original timely filed response (but not signed in violation of Rule 11) he continues to ignore the clear and unambiguous case law regarding the equities of determining whether he is entitled to attorney's fees: whether he caused any injury or damages to the Plaintiff. The evidence establishing that he did cause damages is clear and few are as familiar with it as this Court.

## II.Background / Facts

Attorney Lambert filed a "Notice of Charging Lien" with this Court on October 14, 2016 (Ex D to Plaintiff's Motion to Strike charging lien, hereinafter MSCL). The statement of services, sent by Lambert to Plaintiff separately, indicates he is claiming 330.30 hours x $400/hour (the hourly rate agreed to in the retainer upon *termination*, see Ex A to MSCL), totaling $132,120.00 in fees and $16,598.63 in costs[3] (Lambert Statement of Services, Ex E to MSCL). This Court will note that Lambert does not dispute he was terminated – in fact he is the one claiming he was terminated as opposed to having withdrawn. The retainer agreement (page 2/4) *expressly* states that if terminated the Estate agrees to pay him $400/hour for his time.

---

[2] Lambert is also serving subpoenas on witnesses at the eleventh hour, despite the fact that he has had more than a month to do so (see Dkt. 291, 292 and 293). Three business days is clearly not a reasonable amount of time in advance of the hearing to subpoena witnesses to a federal court hearing. Nonetheless, Bruce Jones will be appearing. Bobby Jones, who is not yet served, cannot appear as he has an appointment that morning with the VA hospital which took him 6 months to acquire.

The Jones Estate does not challenge these costs; the Distribution Agreement reflects the beneficiaries have agreed to pay these costs from the proceeds of the settlement.

After reaching a settlement with the Defendants, Plaintiff moved for approval of the settlement, and in response this Court wished to resolve Lambert's lien prior to settlement approval. This Court directed the parties to file their pleadings on the Attorney's Lien – Plaintiff was to file by September 1, 2020, and Lambert was to respond by September 8, 2020 (Docket 275). Plaintiff filed its motion with exhibits on Sept 1 (Docket 278). On September 8 Lambert filed a confusing pleading which included the same pleading twice, each time only several pages of the pleading, and neither pleading satisfied Rule 11 as each was unsigned (Docket 279). On Sept 21, 2020, this court set a hearing for October 19, 2020 (Docket 283 – paperless order). The law clerk advised the parties were to provide the number of witnesses expected at the hearing by Wednesday, October 14, 2020. Both parties have so advised the court.

Lambert has now filed a "Supplemental Response" a mere three business days before the hearing.

### III. Standard of Review

Local Rule of Civil Procedure 7.02 provides the following:

(b)(1) "responses to motions shall be filed and served <u>within fourteen (14) days</u> from the date of service of the motion"

(b)(3) "<u>Except by leave of court, parties shall not file... surreply memoranda....</u>") (Emphasis added).

### IV. ARGUMENT

Setting aside the fact that Lamberts' most recent filing does not comply with LR Civ.Pro. 7.02(b)(3) and should be disregarded by the court, Lambert appears poised to push a contract argument in support of his new claim (three business days before the hearing) that he is entitled to a $1.4 million contingency fee. Both Lambert's original response (which was incomplete and

3

unsigned) and the improperly filed "supplemental response" are focused on establishing that 1) he was terminated and did not withdraw, 2) the clients were uncooperative, and the "supplemental response" asserts 3) per the contract, he is entitled to his contingency fee. If he is correct that he was terminated, the contract at page 2/4 clearly states that Lambert will be paid $400/hour for his time. Several hours of testimony to establish that Lambert was terminated will only result in a finding that he is entitled to $400/hour for his time (subject to the equitable argument). Plaintiff does not oppose that finding, so we can dispense with evidence to establish that fact. Further, whether the clients were uncooperative is irrelevant to the question of the equities – deciding whether Lambert made mistakes that equitably mean he is not entitled to all or any of his claimed $132,000.00 lien. As noted in Plaintiff's motion to Strike the Lien, "[a] charging lien is the *equitable right* of an attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery in such suit, is based on equitable considerations, and differs from ordinary liens in that possession is not essential to the charging lien." *Trickett* at 227 (emphasis added), citing *Shaffer v. Charleston Area Medical Center, Inc.*, 199 W.Va. 428, 432, 485 S.E.2d 12, 16 (W. Va. 1997).

While Lambert continues in his filings to recite the standard for receiving fees, he continues to ignore (in fact, *never* argues against or otherwise even addresses) the actual issue: "When a former client challenges the right to attorney's fees or disputes the amount of fees claimed, a trial court cannot summarily award attorney's fees. The trial court must first make a determination that the attorney's fees are reasonable and such determination can only be made through the evidentiary process. . . . The former client is entitled to offer evidence of any credits, counterclaims, or defenses as well as to challenge whether or not the attorney helped to create the monetary judgment." *Trickett v Laurita*, 674 S.E.3d 218, 228 (W. Va. 2009). Also see his

"Supplemental Response", p. 8, factor 9: the "results obtained" – it is well established that "[a]n attorney has no lien upon a fund which he is not instrumental in creating, and which never came to his hands." *Id.*, citing *Schmertz & Co. v. Hammond*, 51 W.Va. 408, 41 S.E. 184 (1902). Lambert conveniently ignores that he *obtained no result* other than getting the case dismissed on summary judgment for failure to timely respond to requests for admissions and failure to object to the magistrate's ruling and recommendation. Ignoring those two failures will not make them go away.

Plaintiff respectfully notes that what appears will be a several-hour hearing to receive testimony from Lambert's witnesses on whether the clients were uncooperative or to establish that Lambert was terminated (which is what he wishes to establish), is a waste of the court's time and resources, as either way he is only entitled to $400/hour, only to the amount requested in his charging lien, and only to the extent that equity calls for him to be paid anything at all. The true focus of this hearing should be the impact on the litigation by Lambert's failure to timely respond to the admissions and failure to object to the magistrate's ruling and recommendation – and that will not take long as the record (in fact, the docket sheet alone along with the orders from this Court and the Fourth Circuit) fully supports those failures.

WHEREFORE, the Estate of Wayne Jones respectfully requests this Court Strike the "Supplemental Response" as filed without leave of court, and to further preclude Lambert from calling witnesses to establish that he was terminated, as opposed to withdrew, or that the clients were uncooperative, as the substance of the issue is whether equity will allow Lambert to be awarded his filed and noticed lien of $132,000.00, or a part thereof. Whether he withdrew or was terminated does not change the outcome – it will be based on whether equity will allow him to recover some fees given the late responses to admissions, the failure to object to the

5

magistrate's ruling and recommendation on that issue, and the resulting prejudice / injury / damages to the Plaintiff Estate.

<div style="margin-left: 3em;">

Respectfully Submitted,

**THE ESTATE OF WAYNE A. JONES**,

By Counsel,

**THE BROWN FIRM PLLC**

by: *"s/" Christopher E. Brown*
Christopher E. Brown, Esquire
VSB No.: 39852 (*pro hac vice*)
526 King St., Suite 213
Alexandria, VA 22314
703-924-0223
Fax 703-997-2362
cbrown@brownfirmpllc.com

by: *"s/" Paul G. Taylor*
Paul G. Taylor, Esq.
Law Office of Paul G. Taylor, PLLC
WVB No. 5874
134 West Burke Street,
Martinsburg, WV 25401
304-263-7900
taylorpaulg@aol.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's ECF system this 16th day of October, 2020, which will send a copy hereof and notice of filing to all counsel of record registered therewith.

<div style="margin-left: 3em;">

*"s/" Paul G. Taylor*
Paul G. Taylor, Esq.

</div>